IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TITLEMAX OF SOUTH CAROLINA,    )
INC.,                          )
                               )
          Petitioner,          )
                               )
     v.                        )    1:20CV53
                               )
RAYMOND FOWLER,                )
                               )
          Respondent.          )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before the court is Respondent Raymond Fowler's ("Fowler" or "Respondent") Motion to Dismiss, (Doc. 7), the Complaint filed by Petitioner TitleMax of South Carolina, Inc. ("TitleMax" or "Petitioner"), as well as Petitioner's Motion to File Surreply with Mandatory Authority, (Doc. 13).[1] Fowler's motion requests dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 7.)

---

[1] This case began with a "Petition for Confirmation of Arbitration Award" rather than a complaint. (Doc. 1.) The case caption refers to a "Plaintiff/Petitioner" and a "Defendant/Respondent." (Id. at 1.) For purposes of this order, this court adopts the designations of "Petitioner" and "Respondent" consistent with the language used in the petition.

I.   **STATEMENT OF THE FACTS**

On January 17, 2020, Petitioner filed a Petition for Confirmation of Arbitration Award in which "TitleMax now seeks an order from this Court confirming the final award." (Complaint ("Compl.") (Doc. 1) ¶ 1.) Fowler is a citizen of North Carolina, while TitleMax is a South Carolina corporation with its offices in Georgia. (Id. ¶¶ 2-3.) On December 22, 2017, Fowler and TitleMax entered into an arbitration agreement. (Supervised Loan Agreement, Promissory Note and Security Agreement ("Agreement") (Doc. 8-1).) The Arbitration hearing was conducted on September 12, 2019 in Greensboro, North Carolina. The Arbitrator issued his Final Award on January 2, 2020, and American Arbitration Association ("AAA") served the Final Award on the Parties on January 3, 2020. (Compl. (Doc. 1) ¶ 8; Doc. 1-4.)

II.  **ANALYSIS**

   A.   **Motion to File Surreply with Mandatory Authority**

"Surreplies are generally disfavored." Olvera-Morales v. Int'l Labor Mgmt. Corp., 246 F.R.D. 250, 254 (M.D.N.C. 2007). Rule 7.3 of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina provides for the filing of a motion, a response to a motion, and a reply. See LR7.3; DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). Generally, parties do not have the right to

-2-

file a surreply and may only do so "when fairness dictates," such as when new arguments are raised in the reply brief. Id.; see also United States v. Falice, No. 1:04CV878, 2006 WL 2488391, at *7 (M.D.N.C. Aug. 25, 2006) (denying leave to file a surreply when no new arguments were raised in the reply). Petitioner attached a proposed surreply to its Motion to File Surreply. (Doc. 13-2.) The proposed surreply does not add facts that change the analysis set forth herein, and this court will deny Petitioner's Motion. (Doc. 13.)

**B.   Basis under Federal Law**

Respondent Fowler first attempts to argue under Fed. R. Civ. P. 12(b)(6) that TitleMax has failed to state a claim under federal law. (Mem. in Supp. of Mot. to Dismiss ("Resp't's Br.") (Doc. 8) at 2.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

More specifically, Fowler argues that TitleMax has not stated a claim which gives any basis for relief: he claims that 9 U.S.C. § 9, which allows courts to confirm arbitration awards, does not allow such confirmation in this instance. (Resp't's Br. (Doc. 8) at 2.) This court disagrees. The arbitration agreement

-3-

in this case is expressly governed by the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. §§ 1-14. (See Agreement (Doc. 8-1) at 5.) "The FAA mandates a summary procedure modeled after federal motion practice to resolve petitions to confirm arbitration awards." Matter of Arbitration Between: Trans Chem. Ltd. and China Nat'l Mach. Imp. & Exp. Corp., 978 F. Supp. 266, 303 (S.D. Tx. 1997). "[A]t any time within one year after [an arbitration] award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. An application for confirmation of the award is treated as a motion, "obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court. Under the terms of § 9 [of the FAA], a court 'must' confirm the arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) (internal citation omitted).

Under the FAA, in any arbitration agreement where "the parties agreed that arbitration should be final and binding," the court is able to confirm the arbitration award pursuant to 9 U.S.C. § 9. Rainwater v. Nat'l Home Ins. Co., 944 F.2d 190, 194 (4th Cir. 1991); see also Qorvis Commc'ns, LLC v. Wilson, 549 F.3d 303, 308 (4th Cir. 2008) ("[W]e have held that a simple

-4-

contractual reference of disputes to arbitration under the rules of the American Arbitration Association implies binding arbitration with authorization of enforcement of an award by judgment."). Here, the waiver of jury trial and arbitration clause "is a legally binding part" of the Agreement. (Agreement (Doc. 8-1) at 4.) In fact, the Agreement notes that upon appeal, "[a]ny suitable court may enter judgment upon the TPA panel's award." (Id. at 6.) Thus, Fowler's assertion that "the filed action fails to contain a necessary element for the application of 9 U.S.C. § 9" is incorrect. (Resp't's Br. (Doc. 8) at 3.)[2]

### C. Subject Matter Jurisdiction

Respondent also argues in favor of dismissal under Fed. R. Civ. P. 12(b)(1) because this court "lacks subject matter jurisdiction . . . as there was a prior pending action in state court involving the same parties and claims." (Resp't's Br. (Doc. 8) at 4.) Courts "should dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) if the complaint fails to allege facts upon which subject matter jurisdiction can be based or if the jurisdictional allegations

---

[2] Since TitleMax petitions this court only "alternatively pursuant to N.C. Gen. Stat. § 1-569.22," (Compl. (Doc. 1) at 1), this court need not address the parties' state law arguments at this time.

-5-

in the complaint are not true." McLaughlin v. Safway Servs., LLC, 429 F. App'x 347, 348 (4th Cir. 2011) (citation omitted); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (outlining two ways lack of subject matter jurisdiction arises: failure "to allege facts upon which subject matter jurisdiction can be based" and when "the jurisdictional allegations of the complaint were not true"). A challenged petitioner "bears the burden of persuasion" in defending subject matter jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

The FAA itself does not create federal jurisdiction for "litigation of arbitration controversies," so an independent basis for jurisdiction is necessary. McCormick v. Am. Online, Inc., 909 F.3d 677, 680 (4th Cir. 2018). Petitioner sets out in the complaint that subject matter jurisdiction is appropriate under 28 U.S.C. § 1331: the federal issues involved in the underlying arbitration include claims "arising under the First Amendment and the Commerce Clause of the United States Constitution." (Compl. (Doc. 1) ¶ 4.) See McCormick, 909 F.3d at 682 (establishing that underlying issues in arbitration are

determinative for jurisdiction purposes). Fowler does not contest this basis for subject matter jurisdiction.[3]

Fowler instead makes only an abatement argument, relying on the doctrine that urges federal courts "not [to] proceed . . . because of a pending state court suit between the same litigants for the same cause of action." Hyman v. City of Gastonia, 466 F.3d 284, 288 (4th Cir. 2006). Yet the relevant prior state court action in this case is not pending: it was voluntarily dismissed, (see Compl. (Doc. 1) ¶ 7 n.1), which effectively nullifies the existence of that prior action. See Webster v. United States, No. 99-1485, 2000 WL 962249, at *2 (4th Cir. July 12, 2020). Fowler's own case citation fails to support his position, as there is no prior action "pending" that could possibly "serve[] to abate the subsequent action." (Resp't's Br. (Doc. 8) at 3-4) (quoting Eways v. Governor's Island, 326 N.C. 552, 558, 391 S.E.2d 182, 185 (1990)).

---

[3] Respondent instead focuses exclusively on Petitioner's alternative basis for jurisdiction via diversity, arguing it is inappropriate "because there is not over $75,000 in dispute." (Resp't's Br. (Doc. 8) at 4.) While Petitioner disagrees with this characterization, (Doc. 10) at 11), this court need not reach the issue of diversity jurisdiction, as federal question jurisdiction exists effectively unchallenged.

-7-

This court finds that the motion to dismiss should be denied. Respondent shall file an answer or response to the Petition.

I. **CONCLUSION**

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss, (Doc. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to File Surreply with Mandatory Authority, (Doc. 13), is **DENIED**.

Respondent is directed to file an answer or response to the Petition for Confirmation of Arbitration Award, (Doc. 1), addressing the petition on the merits.

This the 29th day of March, 2021.

_____
United States District Judge