IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TITLEMAX OF SOUTH CAROLINA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV53 |
| | ) | |
| RAYMOND FOWLER | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Petitioner Titlemax of South Carolina, Inc., ("TitleMax") and Respondent Raymond Fowler's ("Fowler") Joint Status Report and Consent Motion to Confirm Arbitration Award and for Judgment. (Docket Entry 20.) The motion requests that the Court confirm the Final Award issued by the American Arbitration Association pursuant to 9 U.S.C. § 9 and enter judgment in favor of TitleMax in that all claims denied by the Arbitration Award are denied. (*Id.*) Given the procedural posture of this matter, the undersigned recommends construing the parties' motion in part as a request to set aside entry of default and for judgment consistent with the Arbitration Award. Further, the undersigned recommends granting the joint motion, setting aside entry of default, and entering judgment consistent with the Arbitration Award.

TitleMax initiated this action on January 17, 2020, by filing a Petition for Confirmation of Arbitration Award. (Docket Entry 1.) Fowler filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. (Docket Entry 7.) The Court denied the

motion and ordered Fowler to file an answer or response to the Petition for Confirmation of Arbitration Award. (Docket Entry 15.) Fowler did not answer, and TitleMax filed a motion for entry of default on May 28, 2021. (Docket Entry 16.) The Clerk filed an entry of default against Fowler on May 28, 2021 for failure to file a claim and an answer or otherwise defend. (Docket Entry 18.) Fowler then filed a purported answer on June 2, 2021, stating that he had no objection to the entry of judgment consistent with the Arbitrator's Award and that the Court's order on his motion to dismiss did not provide a deadline for filing his answer. (Docket Entry 19 at ¶¶ 1-2.) Subsequently, the Court instructed the parties to meet and confer regarding the case and to file a status report. (Text Order entered 04/15/2022.) The parties conferred and filed with the Court a Joint Status Report and Consent Motion to Confirm Arbitration Award and for Judgment. (Docket Entry 20 at ¶ 5.)

Because the parties' motion seeks an order entering judgment on the merits in this matter, the undersigned construes the joint motion as a motion to set aside entry of default. Pursuant to the Federal Rules of Civil Procedure, "[t]he Court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Fourth Circuit has held that certain factors must be considered to determine if there is "good cause" to set aside an entry of default: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (citation

2

omitted). Resolution of motions made under Rules 55(c) "is a matter which lies largely within the discretion of the trial judge[.]" *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Considering the factors in *Payne*, the undersigned concludes the parties' motion to set aside entry of default should be granted. It appears from Fowler's Answer that Fowler missed the deadline to Answer TitleMax's petition because Fowler's counsel was unaware of the deadline for that motion and because Fowler's counsel represented hundreds of other clients in suits against TitleMax. (Docket Entry 19 at 1.) The undersigned determines this is a meritorious defense. As to the second factor, Fowler filed his Answer less than one week after the Clerk entered default (*id.*), which weighs in favor of setting aside the entry of default. The undersigned determines that Fowler was not himself responsible for the tardiness of his Answer and that Fowler and Fowler's counsel do not have a history of dilatory action in this matter. Regarding prejudice to TitleMax and the availability of less drastic sanctions, the parties now seek to set aside default so that the Court may enter an order on the merits of the petition, to which both parties consent. Thus, the undersigned determines that TitleMax will not be prejudiced by setting aside the entry of default and that sanctions are unnecessary. For these reasons, the undersigned recommends that the parties' motion to set aside entry of default be granted.

Regarding the parties' request for Entry of Judgment consistent with the Arbitration Award, the Federal Arbitration Act provides that a court must enter an order confirming an arbitration award if: (1) the parties agreed in the arbitration agreement that judgment may be

3

Case 1:20-cv-00053-WO-JLW   Document 21   Filed 05/11/22   Page 3 of 5

entered by a court, (2) the movant has requested the confirmation within one year of the award, and (3) the award has not been vacated, modified, or corrected. 9 U.S.C. § 9.

Here, the parties do not dispute that they agreed to enter into an arbitration agreement that permitted judgment to be entered by a court. (*See* Docket Entry 20.) Further, the arbitration agreement filed by Petitioner states that "the arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision." (Docket Entry 11-1 at 85.) The undersigned determines that the parties have, through the arbitration agreement, consented to an order from this Court. Next, the Arbitration Award was signed on January 2, 2020 (Docket Entry 1-4), entered on January 3, 2020 (Docket Entry 1 ¶ 9), and TitleMax filed the instant petition on January 17, 2020 (*See id.*). Thus, the movant has requested confirmation within one year of the Arbitration Award. Finally, the parties agree that the Arbitration Award has not been vacated, modified, or corrected and the time for such motion has passed. (Docket Entry 20 ¶ 3.) Considering these factors, the undersigned determines that the Court must enter an order confirming the Arbitrator's Award.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Parties' Consent Motion to Confirm Arbitration Award (Docket Entry 20) be **GRANTED** and that the Court's Entry of Default (Docket Entry 18) be set aside.

**IT IS FURTHER RECOMMENDED** that the Arbitration Award (Docket Entry 1-4) be **CONFIRMED,** and that judgment be **ENTERED** in favor of TitleMax consistent with the Arbitration Award (Docket Entry 1-4), such that all claims denied by the Arbitration Award be **DENIED**.

This, the 11th day of May, 2022.

_____
Joe L. Webster
United States Magistrate Judge